UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES EDWARD LEE                                                                       PLAINTIFF

V.                                                 CIVIL ACTION NO. 3:09cv220-DPJ-JCS

PATTY ISHEE and
BARBARA RAVENHORST                                              DEFENDANTS

<u>ORDER</u>

This matter is before the Court for consideration of Defendants' Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment [15]; Plaintiff's motions to strike [21, 36], motions for hearing [25, 48], motion for judgment on partial findings [28], motion to request speedy judgment [37], motion for order of protective measure or for separate trials [49], motion for order releasing Plaintiff from case management schedule [50], motion for sanctions and summary judgment [55], and motion to amend or correct [56]; and several interested parties' motions to intervene [27, 29, 30, 31, 32, 33].

The case reflects *pro se* Plaintiff James Edward Lee's most recent efforts to reclaim his alleged ancestral properties upon which various oil and gas operations now exist. While Mr. Lee's claims are heartfelt and his determination admirable, the fundamental obstacle to this and his other cases is that his ancestors either lost or waived the right to challenge the ownership of these properties decades before Mr. Lee began his campaign. Having considered the parties' submissions and the relevant authorities, the Court finds that Defendants' motion to dismiss or alternatively for summary judgment is well taken and should be granted. Plaintiff's motion to strike Defendants' motion is denied; the pending motions to intervene are denied; and the rest of Plaintiff's motions are rendered moot by this order.

I.   **Facts and Procedural History**

Mr. Lee's claims arise out of ongoing property disputes previously adjudicated in *Vaughn v. Sharp*, 321 So. 2d (Miss. 1975) (unpublished), and more recently in this Court in *Lee v. Barbour*, No. 3:07cv224-DPJ-JCS, 2008 WL 4187356 (S.D. Miss. Sept. 3, 2008). This Court's September 3, 2008 order included a thorough account of the facts and history of this dispute. It suffices here to note that, in *Lee v. Barbour*, 3:07cv224-DPJ-JCS, Mr. Lee asserted an ownership interest in properties identified as "Section 3," "Section 33," and "Section 34" in Jasper County, Mississippi, and sought damages for trespass and conversion of natural resources. The Court dismissed the case based in part on the fact that the Mississippi Supreme Court adjudicated the Section 33 land dispute in 1975 and the statute of limitations as to all parcels had expired before Mr. Lee filed *Lee v. Barbour*.

Plaintiff filed the instant action in April 2009, contending that Defendants Patty Ishee, Jasper County Tax Assessor, and Barbara Ravenhorst, Jasper County Chancery Clerk are liable for the dismissal of *Lee v. Barbour* because "[t]hese individuals are custodians of my land records, and I tried to obtain certified copies of these records from their office in Bay Springs, they told me the records were destroyed by fire, which is not the truth." Compl. ¶ 1. In its 1975 *Vaughn* opinion, the Mississippi Supreme Court noted, however, that Mr. Lee's purported ancestors "agreed . . . that the Jasper County Courthouse at Paulding was destroyed by fire in 1932" making it "impossible" for either party to prove their claim through "official records." Moreover, Defendants presented unrebutted record evidence that they searched land records and found none showing that "Lee now owns or has ever owned the real property in Jasper County." Ex. D to Def.'s Mot. [15] ¶ 2.

On July 6, 2009, Defendants moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. Plaintiff responded with a pleading he called a motion to strike [21] and has since filed a number of other motions. Several interested parties have also filed motions to intervene. All pending motions are ripe for consideration.

**II.     Analysis**

   A.     Jurisdiction

Although the precise nature of Plaintiff's claims is difficult to discern, a *pro se* plaintiff's complaint must be construed liberally. *Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997). On his civil cover sheet, Plaintiff marked a box indicating the nature of the suit as "Civil Rights" and also cited § 1982, which the Court takes to refer to 42 U.S.C. § 1982. His Complaint further references violation of certain "constitutional rights." Accordingly, the Court finds it has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and exercises supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

   B.     Applicable Standards

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

A motion to dismiss should be converted to a motion for summary judgment when the court relies on matters outside of the pleadings. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993). Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v.*

4

*Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

In this case, Plaintiff is representing himself without the benefit of any legal training. The Court has therefore attempted to read his Complaint and other submissions liberally and place Plaintiff's arguments into recognized legal theories. That said, "[t]he right of self representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981).

Finally, Mr. Lee argues in his response, a pleading he styles as a motion to strike, that the averments in Defendants' motion are false and should be disregarded. Other than that, he did not directly address many of Defendants' dispositive legal arguments.[1] However, this failure does not alone justify granting dismissal or summary judgment. *See* Uniform Local Rule 7(b)(3)(E) (establishing that dispositive motions may not be granted as unopposed). The Court has therefore reviewed the record as a whole to determine whether Defendants have established a right to the relief they seek and has independently examined the legal arguments and authorities upon which Defendants rely. *See McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617,

---

[1]Mr. Lee's motion to strike also appears to raise new claims, but there has been no motion to amend, and such arguments are not a proper response. *See Gomez v. LSI Integrated LP*, 246 F. App'x 852, 854 (5th Cir. 2007) (citing *Roeder v. Am. Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 n. 4 (6th Cir. 1999) (refusing to consider on appeal unpled claim raised for the first time in response to a motion for summary judgment)).

at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where moving party established right to relief and counsel failed to file timely response).

   C.   Federal Claims

      1.   *Pleading Deficiencies*

As noted above, the nature of the federal claims is somewhat obscure. Mr. Lee alleges that Defendants failed to produce land records upon request. Compl. ¶ 2. Although not a formal pleading, Plaintiff's civil cover sheet identifies this action as a civil rights suit under 42 U.S.C. § 1982. "The section forbids both official and private racially discriminatory interference with property rights." *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616 (1987) (citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968)).[2]

Defendants observe that "labels and conclusions" are insufficient under *Twombly*. Def.'s Mem. at 4. Although not explained further in their memorandum, to the extent they argue that the Complaint fails to satisfy the pleading requirements of *Iqbal* and *Twombly*, they are clearly correct with respect to the § 1982 claim. A claim under § 1982 must allege that plaintiff is a racial minority and that defendants intentionally discriminated against him. *Chapman v. Arlington Housing Auth.*, 145 F. App'x 496, 497 (5th Cir. 2005) (citing *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994); *Bellows v. Amoco Oil,* 118 F.3d 268, 274 (5th Cir. 1997)). Plaintiff's Complaint includes no such allegations and is otherwise conclusory in nature.

---

[2]Section 1982 states as follows: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

Plaintiff's Complaint also references "constitutional rights," but the intent of this reference is at best sketchy. To begin with, constitutional violations are not themselves actionable and must be pled under 42 U.S.C. § 1983. Plaintiff has failed to do so, and unlike his § 1982 claim, § 1983 is not referenced even in his civil cover sheet. Nevertheless, the pleading deficiencies run deeper than this omission. For example, it is not clear whether Plaintiff claims that the oil companies or the named Defendants are committing constitutional violations. Plaintiff complains in Paragraph 2 that

> oil companies are drilling on my property illegally again, and they are withholding my land records, in hope that I will go away. They are using the system which was set up to prevent land fraud against me, the owner of the land, and this is abuse of administrative duty, and a violation of my constitutional rights.

In the following paragraph, Plaintiff states that unless the Court "puts an end to these illegal activities, and stop these people from violating my constitutional rights, these people will continue on this path." Compl. ¶ 3. Finally, to obtain relief under § 1983, a plaintiff must prove that he was deprived of a right under the Constitution or laws of the United States and that the person depriving him of that right acted under color of state law. *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Housing & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993), *cert. denied*, 510 U.S. 820 (1993). A plaintiff may succeed under § 1983 against an individual by showing that he or she acted under color of state law and was "personally involved in" the alleged constitutional or statutory deprivation. *Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006); *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). The Complaint offers merely a conclusory assertion that someone violated unidentified constitutional rights. Thus, even if the

Court assumes that Plaintiff intended a § 1983 claim against these Defendants, which is not apparent, the claim would fail to satisfy pleading requirements.

In short, Plaintiff has not alleged sufficient facts to support more than a speculative right to relief. Accordingly, Plaintiff has failed to state a claim under § 1982 or § 1983, assuming that such a claim was even intended. Even if Plaintiff had properly pled his federal claims, they would nevertheless fail as a matter of law for the reasons stated herein.

2. *Collateral Estoppel*[3]

Defendants claim that Plaintiff is collaterally estopped in this matter because to prevail against them he would necessarily have to prove that he actually owned the subject properties. Defendants are correct because Plaintiff is essentially bringing a derivative suit. Under Mr. Lee's theory of this case, Defendants' actions caused the dismissal of *Lee v. Barbour*. Thus, to prevail here, Mr. Lee must prove Defendants interfered with property rights he would have established in *Lee v. Barbour*. However, this Court has already ruled that he cannot at this late date prove any property rights as to the parcels, with or without the records he now seeks.

As stated, there are three parcels of property in issue. As to the Section 33 property, the Court found that, regardless of Mr. Lee's evidence, it was precluded from deciding Mr. Lee's ownership interest by the doctrine of collateral estoppel. The Lee family's property rights as to this parcel had been previously litigated and determined by the Mississippi Supreme Court in *Vaughn v. Sharp* and could not be relitigated. *Lee v. Barbour*, 2008 WL 4187356, at *5. The Court also noted that it "lacks jurisdiction to conduct appellate review of state court decisions,"

---

[3]The Court did not rely on extraneous evidence with respect to this section and therefore considers the matter under Rule 12(b)(6).

and that the time for appellate review of the *Vaughn* decision has long since passed. *Id.* (citing *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (discussing the *Rooker-Feldman* doctrine); 28 U.S.C. § 1257 (2006) (stating that decisions of a state's highest court may be reviewed by the U.S. Supreme Court)).[4] This Court also found that, even if Mr. Lee's claims survived preclusion, they would be barred by the ten-year statute of limitations on actions to recover land. *Id.* at *6.

Likewise, as to Mr. Lee's claims to the Section 34 and Section 4 property in the underlying action, the Court granted summary judgment holding that "[e]ven if Plaintiff owned the land and could prove the alleged conversion," his claims were barred by applicable statutes of limitations. *Id.* at *7.

All of the foregoing is to say that Mr. Lee could not have succeeded on his claims to the Section 33, Section 34, and Section 4 property in *Lee v. Barbour* even with the records he alleges Defendants somehow withheld from him. To prevail in the instant action, Mr. Lee would likewise have to overcome these rulings, but he is collaterally estopped from doing so because the issues were "distinctly put in issue, litigated, and determined in the former action." *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999).

   3.   *Destruction of the Documents*

Defendants alternatively seek summary judgment, arguing that Plaintiff cannot recover from them for the destruction of the records some 75 years before they took office. As stated above, Mr. Lee's purported ancestors appear to have made a judicial admission in *Vaughn* that

---

[4]Likewise, the proper forum for a direct challenge to this Court's final decision in *Lee v. Barbour* is an appeal to the Fifth Circuit.

9

relevant records were destroyed by fire in 1932. Defendants also offer affidavits establishing that they took office well after the fire and that they have searched for land records establishing Mr. Lee's ownership, finding none.

Mr. Lee challenges these contentions and has attached two documents he says can demonstrate that records exist. Mr. Lee first attached a letter from the United States Department of Agriculture indicating that it has reviewed Mr. Lee's claim but that the disputed property is not within the National Forest boundaries. The second exhibit is a Land Assessment for tax year 1932-1933.

The initial problem with Mr. Lee's evidence is that these exhibits are unauthenticated hearsay for which he has not established an exception. As frequently noted by the Fifth Circuit, "[m]aterial that is inadmissible will not be considered on a motion for summary judgment . . . ." *Geiserman*, 893 F.2d 787, 793 (5th Cir. 1990) (citation omitted); *see also* Fed. R. Civ. P. 56(e)(1); *Cruz v. Aramark Servs., Inc.*, 213 F. App'x 329, 332-33 (5th Cir. 2007) (holding that unauthenticated letters are not proper summary judgment evidence); *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (holding that newspaper articles constitute hearsay and are not proper summary judgment evidence).

Even assuming that these materials are competent summary judgment evidence, they still do not create a genuine issue of material fact that land records survived the 1932 fire or that records exist showing Mr. Lee's ownership interest in the property. Thus, even if the case were properly pled, Mr. Lee was not collaterally estopped, and he had offered competent summary judgment evidence, there would still be no jury question on the existence of the documents. This

forestalls his efforts to prove the Defendants interfered with a property right in violation of § 1982.[5]

D. State Law Claims

As with the federal claims, the nature of the state claims is not apparent from the face of the Complaint. Nevertheless, to the extent Mr. Lee intended to bring state claims, they fall short of several hurdles.

1. *Mississippi Tort Claims Act*

The Mississippi Tort Claims Act (MTCA), Mississippi Code Annotated §§ 11-46-1 *et seq* "provides the exclusive civil remedy against a governmental entity and its employees for acts or omissions which give rise to a suit." *City of Jackson v. Sutton*, 797 So. 2d 977, 981 (Miss. 2001) (citations omitted). As Defendants note in their memorandum, the MTCA requires the filing of a notice of claim ninety days before bringing suit. Miss. Code Ann. § 11-46-11(1). Without a pre-suit notice of claim, dismissal is appropriate. *See Bunton v. King*, 995 So. 2d 694, 696 (Miss. 2008); *S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1259 (Miss. 2006). Plaintiff has made no allegation or showing that he complied with this notice provision. Accordingly, the Court finds Defendants' motion to dismiss Plaintiff's state law claims for failure to comply with the notice provision of the MTCA is well taken and should be granted. Even if Plaintiff had complied with the notice requirement, however, his claims are still due to be dismissed for the reasons stated below.

---

[5]The only logical way to read the Complaint is that Mr. Lee is asserting individual liability against Defendants for failing to produce the records when he requested them. But, to be thorough, even if he could somehow assert that official capacity claims were intended, the statute of limitations for a claim under § 1982 (or even § 1983) would have long since past.

11

2. *Collateral Estoppel*

For the same reason Plaintiff cannot prevail on his federal claims, he is collaterally estopped from establishing an ownership interest in this derivative action.

3. *Destruction of Documents*

As stated above, there is no genuine dispute in the record with respect to the existence of the documents these Defendants supposedly failed to produce. As such, Plaintiff has not demonstrated a breach of duty by these Defendants related to the loss of documents decades before they took office.

4. *Injunctive Relief*

Plaintiff also asks the Court to order Defendants to give him "certified copies of deeds, land assessments, and tax records of Albert Lee, Sie Lie, Gilbert Lee, and Anderson Lee." Compl. ¶ 4(1). While Plaintiff has the right to whatever records Defendants have in their capacities as Jasper County Tax Assessor and Chancery Clerk, *see* Miss. Code Ann. § 25-61-5, he has failed to create a genuine issue of material fact that the records survived the 1932 fire or that they otherwise exist.

E. <u>Remaining Motions</u>

Numerous other motions are pending in this case. Plaintiff filed a motion [21] to strike Defendants' motion to dismiss, alleging (1) false statement or perjury by Defendants when they claim in their motion that the land records are missing and (2) violation of the Connally Hot Oil Act. Plaintiff filed a supplement [22] to that motion to strike, further alleging conspiracy to perjury and "aiding and abetting of contraband oil, obstruction of justice, and concealment."

The laws Plaintiff cites are inapplicable, and Plaintiff cites no authority for striking Defendants' motion. The motion to strike [21] is not well taken and should be denied.

Plaintiff has also filed the following: motion for hearing [25], motion for judgment on partial findings [28], motion to strike the motions to intervene [36], motion to request speedy judgment [37], motion for hearing [48], motion for order of protective measure or for separate trials [49], motion for order releasing Plaintiff from case management schedule [50], motion for sanctions and for summary judgment [55], and motion to amend/correct the motion for sanctions and for summary judgment [56]. Upon entry of this Order dismissing Plaintiff's claims, all these motions are moot.

In addition to Plaintiff's motions, six more groups of claimants to the disputed property have filed motions to intervene [27, 29-33]. Movants failed to include a pleading setting out their proposed claims against Defendants, as required by Federal Rule of Civil Procedure 24(c). Instead they claim entitlement to the same relief as Plaintiff. Because Plaintiff has failed to state a claim, the Court finds the motions to intervene should be denied. *See Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1109 (5th Cir. 1991) ("[A]s the district court noted, 'a proper basis for denying leave to intervene may be a finding that the proposed intervention would fail to state a claim.'").

## IV. Conclusion

For the reasons stated above, Plaintiff's motion [21] to strike Defendants' motion to dismiss is denied, and motions to intervene [27, 29-33] are denied. Defendants' motion to dismiss or alternatively for summary judgment [15] is granted. Plaintiff's remaining pending motions are moot.

A separate judgment will be entered pursuant to Rule 58.

**SO ORDERED AND ADJUDGED** this the 15th day of January, 2010.

                                             s/ *Daniel P. Jordan III*
                                             UNITED STATES DISTRICT JUDGE